813 So.2d 622 (2002)
Elaine GRANT
v.
ASSUMPTION PARISH SCHOOL BOARD.
No. 2001 CA 0272.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*623 Milton Osborne, Jr., Errol B. Conley, New Orleans, Counsel for Plaintiff/Appellant, Elaine Grant.
Joseph R. Ballard, Kenney L. Riley, Baton Rouge, Counsel for Defendant/Appellee, Assumption Parish School Board.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
GONZALES, Judge.
This is an appeal by Elaine Grant, a workers' compensation claimant, from an Office of Workers' Compensation judgment dismissing her claims against her former employer, the Assumption Parish School Board (APSB).

RULE TO SHOW CAUSE
On February 9, 2001, this court issued a show cause order, ordering the parties to show cause why this appeal should or should not be dismissed as untimely filed. The parties filed briefs, and this court referred the rule to show cause to the merits. After consideration of the arguments made and a thorough review of the record, we conclude the appeal was timely filed.

FACTUAL AND PROCEDURAL BACKGROUND
On November 11, 1998, Ms. Grant, a teacher at Labadieville Middle School, was sitting at her desk in the classroom while her students were working at their desks. Two male students began running around the room and ultimately, as one student attempted to strike the other student, he struck Ms. Grant on the right side of her body. According to Ms. Grant, she did not fall from her chair, but the blow "jarred" her badly and she experienced a sharp pain down her spine. Ms. Grant reported the incident to Ms. Susan Harrison, the principal of Labadieville Middle School, but responded "no" when Ms. Harrison asked if she needed medical attention. Ms. Grant continued to work through the end of the school year, which ended in June of 1999. During the period between the incident and the end of the school year, she took seven days of sick leave. Ms. Grant did not return to her teaching position in August of 1999, and, as of the date of trial, June 26, 2000, she had not engaged in any employment. According to Ms. Grant, continuing pain and muscle spasms prevented her from returning to work.
On August 18, 1999, Ms. Grant filed a disputed claim for compensation seeking workers' compensation benefits. The APSB answered, denying liability. On June 26, 2000, the matter proceeded to trial, and, on June 29, 2000, the workers' compensation judge signed a judgment stating Ms. Grant had failed to prove she was disabled. Ms. Grant appeals from this adverse judgment.

DISABILITY BENEFITS
In her first and second assignments of error, Ms. Grant contends the *624 trial court erred by failing to find her disabled and entitled to total temporary disability (TTD) benefits.
A workers' compensation claimant must prove by a preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the disability. If the testimony leaves the probabilities evenly balanced, the plaintiff has failed to carry his burden of proof. Likewise, plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130, 1131-1132. The workers' compensation judge's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or manifestly erroneous. Id. For an appellate court to reverse a workers' compensation judge's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding or that the finding is clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. at 883.
After reviewing the record, we find the workers' compensation judge did not err in dismissing Ms. Grant's claim. In its June 30, 2000 ruling, the workers' compensation judge reviewed Ms. Grant's testimony as well as the medical evidence submitted in support of her claim. Before the November 11, 1998 incident, Ms. Grant had twice undergone neck surgery and continued to have problems after the surgery, including neck and upper back pain and muscle spasms. The workers' compensation judge noted that diagnostic tests revealed Ms. Grant had osteoarthritis, disc desiccation, and spondylolisthesis. He observed that Doctors Clifford and Nyboer had both causally related Ms. Grant's continuing pain to the November 11, 1998 incident, but noted these diagnoses were based on Ms. Grant's own version of her medical history and her subjective complaints of pain. He determined Ms. Grant was not credible based on conflicts between the medical histories she provided and her testimony at the hearing. He apparently also gave less credence to the opinions of the doctors because those opinions were based on Ms. Grant's suspect medical history. The workers' compensation judge ultimately concluded the evidence did not prove by a preponderance of the evidence that Ms. Grant was injured as a result of the November 11, 1998 incident.
After a thorough review of the record, we find no manifest error in the workers' compensation judge's determination that Ms. Grant presented insufficient evidence to establish her claim for benefits. The evidence in the record does not support a finding that she is physically unable to engage in any employment because of a disabling injury incurred on November 11, 1998. Although there is some medical evidence demonstrating a causal connection between Ms. Grant's continuing pain and the incident, there is other medical evidence demonstrating her continuing pain was caused by preexisting medical conditions. Thus, Ms. Grant's claim fails because the evidence only shows a possibility that her injury is due to the November 11, 1998 incident. These assignments of error are without merit.

SUPPLEMENTAL EARNINGS BENEFITS, MEDICAL EXPENSES, PENALTIES AND ATTORNEY FEES
In assignments of error numbers three, four, and five, Ms. Grant contends *625 the workers' compensation judge erred in failing to award her supplemental earnings benefits (SEBs), medical expenses, and penalties and attorney fees.
An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Likewise, an employee may recover medical expenses when those expenses are caused by a work-related injury. La. R.S. 23:1203(A); Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 19-20. Finally, the employee may be awarded penalties and attorney fees when the employer fails to pay benefits and medical expenses in accordance with the Workers' Compensation Law. La. R.S. 23:1201(F).
The workers' compensation judge did not address Ms. Grant's entitlement to SEBs and medical expenses. However, SEBs and medical expenses may only be awarded if the claimant meets his initial burden of proving a work-related injury. Based on the workers' compensation judge's conclusion that Ms. Grant failed to prove that she was injured as a result of the November 11, 1998 incident, it logically follows that she is not entitled to SEBs or medical expenses. This same reasoning applies to the workers' compensation judge's explicit denial of Ms. Grant's claim for penalties and attorney fees. These assignments of error are without merit.

DECREE
For the foregoing reasons, the judgment of the workers' compensation judge is AFFIRMED. Costs of this appeal are assessed to Ms. Grant.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.